For our guests, we're going to now hear the second case. Is everybody okay? Okay. Then the next lawyers can step up. And please, again, be mindful of the fact that we do have a guest and they do speak a different language and they are listening carefully. So speak up loudly, clearly, and slowly, please, for us. I'm sorry. Counsel, you can call the next case. Case number 11-0700, Pippin Brooks v. Dionte Johnson. Counsel, you can both step up and just identify yourselves for us, please. My name is Kathleen Weck from the Office of the State Appellate Defender, representing the juvenile respondent Dionte J. And spell your last name for us, please. Weck, W-E-C-K. Thank you. Assistant State's Attorney Annette Collins for the people of the state of Illinois. Thank you. Thank you. Counsel, you can proceed whenever you're ready. Good morning, Your Honors. Counsel, may it please the Court. Again, I'm representing the juvenile respondent Dionte J. I would like to focus my remarks today on the first argument in the brief, which was that the Court erred in not instructing the jury on battery as a lesser included offense. But I'll be happy to answer questions on any of the other issues. And I'd also like to reserve two minutes for rebuttal. Let me ask you this. So it's your position here, when a defendant is charged with felony murder predicated on mob action, and it shows some evidence of misdemeanor battery, that person is entitled to a jury instruction on misdemeanor battery? That absolutely is our position, Your Honor. Okay. Do you have any case that was decided on that point ever? No, I do not. I have not actually found one on that case. I mean, could you find a case like that anywhere in America? No. I actually did not search for other issues. I actually did a search on mob action, but it seems like Illinois has kind of a specific charge of mob action, which does not carry over into that same terminology in other states, and I was not able to actually determine on that. Okay, so you've given us no authority for this. This is just an argument without authority. No, I have authority for the argument. What is the authority? Well, it's based on Colton Novak. When there's any evidence, when a charge, when, okay, a lesser-included offense being one that is established by proof of the same or less than the facts needed to establish the offense charge. And this happens in numerous cases, you know, aggravated arson, part of, you know, criminal trespass property, part of aggravated arson, all sorts of cases. So all we need to do is look at the charging instrument approach in this case. And I think it might be easiest if we look at this as an onion, like a model of an onion. In the outermost layer here in this case, we have felony murder. That is this outermost layer. And in this case, looking at the charging instrument, it said that felony murder was committed when he was committing the forcible felony of mob action and Deontay struck Darian Albert about the body and stomped on his head and killed with his fists, a piece of wood, and his feet. Of course, we know in this case, the battery, as the videotape showed, was Deontay swinging his arm and punching Darian Albert in the face a single time. So we have the outside layer of the felony murder. But within that, in the next layer in, is the forcible felony of mob action. And although the mob action charge was dropped by the state for trial, it necessarily had to be proven in order to convict Deontay of felony murder. And again, the mob action charge says, knowingly by the use of force or violence, he disturbed the public peace by striking Darian with his fists while acting together with one or more individuals. So my three points, my first point is that battery as charged was the lesser included offense of felony murder. My second point is that there was at least slight evidence to support a battery instruction. And that's all that is required. The state makes a big deal about there being overwhelming evidence of mob action. All there needs to be is slight or some evidence to support the lesser included offense. So here in this case, there is at least slight evidence. We know that Deontay was actually walking on his way home from school. He was not going out of his way to go join a fight. He actually had to go down 111th Street to cross the train tracks to get to his house. He was not the people jumping out of the car and instigating the fight. He was on his way home. Yes, he was. So there's at least some evidence that he's an independent actor in this chaotic situation when he swings his arms. And the ironic and tragic thing is that Darian and he were actually in the same associate group of kids. They were not actually opponents. So in this case, he's not acting together with these other youths who are charged as adults and actually stomp and brutalize Darian on the ground. There's at least some evidence he's not acting together with those people or acting together with others. He's an independent actor. So the third point is that when there is any evidence that a rational jury could have found the defendant guilty of the lesser included offense and acquitted him of the charged offense, then it is irreversible error not to instruct the jury on that lesser included offense. And defense counsel in this case argued that clearly Deontay was guilty of something, but it wasn't guilty of murder. And here the jury was only given two choices, guilty of felony murder or not guilty. And since clearly Deontay did do something, he struck Darian Albert in the face, they should have been given that important third option in this case. And the court usurped the province of the jury to decide that by taking that away from them. This week, your honors, granted my motion to cite People v. Schmidt as additional authority. I thank you for that. That was because I neglected to point out in the reply brief that under People v. Schmidt, as the state argued in its brief, aggravated battery on a public way, which I would submit is not a lesser included offense as charged. But even if it were, that is not considered under Schmidt a forcible felony for purposes of felony murder. So if there are no further questions, then pursuant to the arguments I've raised on appeal, I ask this court to grant Deontay relief.  Thank you. Good morning, your honors. Again, Assistant State's Attorney for the people of the state of Illinois, Annette Collins. Respondent's argument is based on a misrepresentation of the law and the facts in this case. The myopic focus on the lesser included analysis first tier is all that respondent is presenting to this court. There is a second tier to that analysis. It is discussed in Novak. It is discussed in Colton. Simply because you can carve out a lesser included offense in the charging instrument does not automatically entitle a defendant to a lesser included instruction. Rather, a defendant must also show that the jury could rationally find the defendant guilty only of the lesser included and at the same time not guilty of the greater. In this case, what respondent's argument is comprised of is that somehow some hypothetical defendant who threw only one punch committed only simple battery. But that is not the facts of this case. We have more than just the swinging of the arms. In this case, this respondent not only went to the scene of the mob beating by going down 111th Street rather than the normal route down 112th. We know this from the testimony of his own cousin, Dominic Johnson, who testified at trial. According to Dominic, there was a fight at school that day. He discussed it with the respondent. They walked down 111th Street straight to the fight, whereas they normally went down 112th. They also were walking to the fight with a man named Carl. It was Carl from this group of neighborhood kids from the Ville who was in a fight with BJ, the other combative group from the Gardens. BJ and his group drove by respondent and his friends on the way to the fight and said, this isn't over yet. Instead of walking away, respondent went to the fight. And instead of leaving once the fight started, he actually joined that fight in progress. Now this is just not testimonial evidence. This is actually videotaped evidence. In this case, that video shows that both respondent and his friend, Eric Carson, who he walked to the fight with, both picked up large boards and started swinging them over their heads at other kids on the street. When respondent missed but Eric Carson dropped his board, respondent handed over his board to Eric Carson who hit the victim over the head. When the victim fell to the ground and started trying to get up, that was when the video shows respondent immediately going up to the victim and rather than just swinging his arms at him, actually took a fighting stance and swung a huge roundhouse punch, striking the victim in the head and knocking him out so that he fell on the ground. And that, your honors, is what exactly allowed the victim to lay there and be vulnerable to the attack by the other members of the mob. It's irrelevant that the other members of the mob were from a different group than the defendant and the victim. It's absolutely irrelevant for purposes of mob action that this defendant accidentally hit the victim because we know from testimony that this respondent intentionally hit the victim believing that he was an opponent of his, when in reality he was one of the same members of the neighborhood. One of the other individuals who witnessed the fight testified that he had to pull the respondent away from the victim to let him know that, no, he's one of us. Now, even at this point, respondent didn't leave the fight because we know this because as the video continues and it pans throughout the street and eventually the victim is severely beaten by other individuals, we see respondent only running away with his contemporaries past the victim's body at the end. So he stayed at this fight. He had multiple opportunities to join the fight. He took every single opportunity. Under these circumstances and given this evidence at trial. Counsel, the only evidence is that one punch that the respondent made or did. Is that correct? No, that is absolutely not correct. What else? For purposes of proving mob action, all we have to show is that there was a use of force or violence by two or more persons acting together and without authority in law. I want to know what else did he do? He picked up the board. Tell me about the board. He picked up the board when he first joined the fight. Did he hit the victim with the board? No, he did not, but that's not. He hit the victim with his fist. Yes, he certainly did. And that was the only contact that we know of of the respondent with the victim, is that correct? That is absolutely correct. That is the only contact with the victim. And is that not battery? It could be battery, but not in this case because, remember, it's not so much whether or not the charging instrument carries it in the charge. The question is whether a rational jury could find him guilty only of misdemeanor battery and acquit at the same time of mob action. So with one punch, why could a jury not find him guilty of battery only? That would not be a rational finding based on the videotape. What's irrational about it? Because the videotape evidence showed not just the one punch, but also showed him taking part in the mob action by picking up a board with Eric Carson, by giving Eric Carson his own board, and Eric Carson hits the victim, and then when the victim's down, defendant punches him. But mob action is not about one individual with one victim. It's a joint responsibility for the actions of the mob. And felony murder, likewise, is about committing a violent felony and being responsible for all of the actions and necessary consequences that occur thereafter. So in this case, the analysis does not stop if simple battery or aggravated battery could be carved out of this charging instrument. The next necessary steps, we have to look at the evidence at trial. That's what our Illinois Supreme Court tells us. That's what this Court has said multiple times. And we have to remember that it isn't just any jury. It isn't just we can carve out a lesser offense. It's a rational jury. And I would submit to your honors that this jury would be irrational to ignore all of the evidence and myopically focus only on one piece of the evidence in a vacuum. And remember, in general, a lesser included offense that's carved out of a greater offense usually involves a disputed issue of fact. For instance, in this case, mob action is two or more people, one or more people,  The issue is that the instruction wasn't given. Should this rational jury at least not have had the opportunity to determine whether or not misdemeanor battery had occurred here? No. Instead of just the choice of guilty or not guilty of mob action. No. Why not? Because it would be irrational for this jury to find this defendant not guilty of mob action. Well, since they're rational, shouldn't they have been able to choose among the possibilities that were available to this particular respondent? That's not the use of the word rational. It's not an assumption of the rational jury. It's whether or not they would be rational in rendering this particular verdict. And I'll give a very outrageous example, but an example nonetheless. If an individual cuts off somebody's head with an ax, that arguably is an offensive touch. That could be a battery, but that individual is not entitled to a battery instruction at trial. That would be absurd. And while I'm drawing back a little bit for the example in this case, it offers the same analytical framework. It would be absurd to characterize the respondent's actions in this case as simple battery. We can put aside the fact that it could be carved out of the charging instrument. We'll give you that much. But the next question is whether or not it would be a rational verdict to find this defendant guilty of just misdemeanor battery, but not guilty of the mob action. And that is not a rational verdict. Under these circumstances. The only rational verdict would have been guilty from your perspective. No. And so that's what I'm saying. A rational jury has the ability to discern from the facts and the evidence and the law, which of these charges should have been, if convicted, should have been convicted on. I respectfully disagree with you, Your Honor. The second tier analysis requires us to look at the evidence at this trial, not just in general. This defendant, respondent, excuse me, is not the hypothetical respondent he wants to be. I will give you that hypothetically, if the student is walking home from school by himself, not to a fight, and all of a sudden gets caught up in the middle of the fight, does nothing else, never acts with another individual within that fight, and punches somebody on his way out, that respondent may be entitled to simple battery. But only because there is a disputed issue of fact regarding whether or not he acted with other people. In this case, this is a videotape. There can be no dispute from the beginning of this videotape to the end. Not looking at an isolated portion in a vacuum, because that's not the evidence before this jury. That evidence showed that this juvenile respondent entered that fight when it was ongoing, together with Eric Carson, picked up boards, swung it at somebody, Eric gave his board to Eric Carson, who then hit the victim over the head with it, and when the victim fell and tried to get up, respondent went and gave him a big roundhouse punch. It basically was the coup de grace that made the victim lay on the ground and was vulnerable then for subsequent attacks. So under these circumstances, it's our position that this jury was not entitled to an instruction on a lesser included offense, and of course the juvenile judge correctly rejected it. Now, there's one further point that I'd like to make, and it's a little bit off what respondent had said, and that is that I want to make the court aware that In re Marquis M.I. came down today. I don't know if the court is aware. That case is decided, excuse me, the constitutional issues in this case. All right, counsel. You can't present a case that hasn't been presented before us, and you haven't made a motion for us to consider it, correct? Well, it's in the briefs, and it is the Supreme Court case that was pending during the pendency of this case, so it is in the briefs. And that case came down today, and it decided the constitutional issues of vagueness, and I just wanted to make sure the court is aware of that. I will certainly file a motion to cite authority with that case and attach it. I have it before the court. If you're going to file a motion, do it immediately. I'll do that as soon as I get back to the office. Based on these arguments and those contained in our briefs, we would ask this court to affirm. Thank you. Thank you. May it please the court, I also understand this case has been decided, am I, but I do not believe that the question of vagueness has been decided as far as all the issues that were presented in our briefs, just to make the court aware of that, from what I've understood about the case. In any event, this was a question for the jury, whether battery was a lesser included offense of felony murder as it was charged here, and to affirm on this point, you would have to find that no jury could find that, no rational jury, no any jury could find that Deontay was guilty of battery, but not guilty of felony murder based on mob action, and the state is interpreting the tape as mob action, because that's what they want to do, to affirm it, but it can also be interpreted in other ways. It's not as though, this is a very fast, like a sporting event, just happening rapidly. This whole event was over within two minutes, and Deontay is not using the board. He doesn't say, he's not handing the board to someone. The board is taken from his hand. We don't know why he was picking up the board, to defend himself perhaps. He actually is, does have to walk down 111th Street. Counsel says he should have walked down there as well. The videotape shows your client actually handing the board to Eric, and Eric then beating the respondent. That is her interpretation of it. And yours is? My interpretation is that he's picking the board up, and this person, Eric, came and took it out of his hand. She's interpreting it as he's giving it. I'm interpreting it as my client is a 14-year-old. These other boys are all older, all that have been charged. He's a 14-year-old on his way home from school, a 14-year-old child. A 14-year-old on his way home from school, pick up the board in the first place. Because there's boys jumping out of a car that don't even live in his neighborhood, that don't have any business being there on 111th Street, if they're going to go home after school down to 130th Street where they live, they are purposely coming there to instigate a fight, and he's scared. As he later says to the investigator before sentencing, he says, that was not me. He goes, I was scared, I was paranoid, I didn't know what to do. A rational jury could have found he was not acting together with the others to create a fight, that he was an independent actor in a chaotic situation, and he committed a battery, which, as you noted, is the actual definition of a battery, knowingly making physical contact, hitting somebody in that manner, and that's exactly what happened in this case. And a rational jury, it should have been up to the jury to be offered that important third option, rather than guilty or not guilty of murder. Well, you're saying that he wasn't involved in mob action because, you know, he picked up this board, somebody took it out of his hand, is that right? Well, I'm just saying that she's interpreting it as he's giving someone a board. I'm saying this is happening so fast, that's her interpretation. Yeah, but if he picks it up, what is his intention to do with that board? He's not a carpenter. He could be trying to defend himself from these other boys.  The fact is that what we do know is a simple strike. If there's a fight and he's picking up the board, you know he's going to go swing that board at somebody, so somebody took it out of his hand, and they swung the board. We don't know what could have happened with the board, Your Honor. Disrespectfully, this is a very fast-paced, like a hockey game, they're in there. I know, but there's two reasons you pick up a board. One of them when you're a carpenter and you're using it to build something, and the other is when you pick it up to hurt somebody. Or to defend yourself against people coming at you also. I mean, there's different things one could do with the board. But we just ask that this be given back to the jury to decide whether the lesser-included offense of battery would be a choice that they would make. Thank you very much, Your Honors. Thank you, Counsel. And we'll take the matter under advisement. We are now in recess.